McLEAN *v.* MISSOURI PACIFIC TRANSPORTATION COMPANY.

4-7653                                                    187 S. W. 2d 727

Opinion delivered May 28, 1945.

*Ras Priest,* for appellant.

*Barber, Henry & Thurman,* for appellee.

GRIFFIN SMITH, Chief Justice. The question is whether the complaint states a cause of action when tested by demurrer. From a judgment that his allegations were deficient the plaintiff has appealed.

The complaint is that Dowell McLean, seventeen years of age,[1] was a passenger on a Missouri Pacific

---

[1] Suit was by the minor's father, as next friend.

Transportation Company bus, traveling between Little Rock and Newport. Before reaching Searcy young McLean ". . . became deathly sick from inhaling carbon monoxide gas, which through the negligent maintenance and operation of said bus was escaping into it." There is the further allegation that the passenger, after reaching Newport, collapsed on a sidewalk.

At a hearing February 5, 1945, the defendant's demurrer was overruled; whereupon the Transportation Company moved that the complaint be made more definite and certain. Response was that McLean's request for the bus driver's name had been refused by the Company's local agent. The plaintiff was not familiar with physical equipment used by the defendant other than that the bus was one of a regular fleet operated on the Newport-Little Rock run. Effect of the response was to add to the complaint the allegation that the injury was caused "by . . . escape of [monoxide gas] *from the engine or exhaust pipe.*"

On the plaintiff's admission that he had no knowledge of the "specific" defects in maintenance, the Court reconsidered the pleadings and sustained the demurrer.

A cause of action was stated. If monoxide gas *escaped* from the engine exhaust (in the circumstances complained of as being negligent), a fair inference is that the machinery was out of control through failure of maintenance, as alleged. The term very definitely implies something more than normal functioning of the equipment. Of course fumes from used gas must be freed through an exhaust system; but normally this is a controlled escape as distinguished from negligent release.

Judgment reversed, with directions to overrule the demurrer.